UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THE LIFE IS GOOD COMPANY, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 1:17-cv-10602-LTS |
| | ) | |
| JOHN DOES 1-10 | ) | |
| Defendants | ) | |

FIRST AMENDED COMPLAINT AND JURY DEMAND

PARTIES

1. Plaintiff The Life is Good Company ("Life is Good") is a Massachusetts corporation with a principal place of business in Boston, Massachusetts.

2. The true names and capacities, whether individual, corporate, or otherwise, of Defendants John Does 1-10 are unknown to Life is Good, and Life is Good therefore sues these defendants by their fictitious names.  Life is Good will seek to amend its complaint to add the true identities of John Does 1-10 once they are identified through discovery.

JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b) because this matter involves violations of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as substantial and related state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Life is Good's cause of action arose and Life is Good is being injured in this judicial district, and because Defendants are doing business in this judicial district and targeting Massachusetts customers to purchase their infringing and counterfeit products.

1

<u>FACTS</u>

A. <u>The Plaintiff and its "LIFE IS GOOD" and "Jake" Trademarks.</u>

5. Since at least as early as 1994, and continuously therefrom, the Plaintiff and its predecessors (Albert Jacobs and John Jacobs, doing business as Jacobs Gallery) have sold various products such as t-shirts, hats, pants, other clothing, stickers, flying discs, coffee mugs, *inter alia*, under the trademark "LIFE IS GOOD." The goods have been sold to retail stores and consumers directly by Life is Good, through its licensees, or through its web site.

6. Since 1994, the Plaintiff has continuously and pervasively utilized its "LIFE IS GOOD" trademark within this district and throughout the United States on its products, on hang tags, displays, boxes, packaging and labels, at its website (www.lifeisgood.com), and in catalogs and other places.

7. In short, the Plaintiff has invested substantial resources in promoting its products under the "LIFE IS GOOD" mark, and in developing national recognition of its "LIFE IS GOOD" mark and brand.  As a result, the "LIFE IS GOOD" mark is perceived as a distinctive indicator of Plaintiff as the source of the goods.

8. On December 24, 1996, the United States Patent and Trademark Office (the "U.S.P.T.O.") issued a registration for Plaintiff's trademark "LIFE IS GOOD," registration number 2,025,737 (the "'737 Registration" ). The registration was issued to Jacobs Gallery.  The goods under this registration are "Sportswear, namely T-shirts, sweatshirts, shirts, hats, pants, and shorts."  The trademark was assigned by Jacobs Gallery to Life is good, Inc. on April 16, 1998. On April 6, 2002, the U.S.P.T.O. accepted Life is Good's section 8 and 15 affidavit for the '737 registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065.  The trademark was renewed on January 11, 2017, and is currently in full force and effect.  On

2

October 15, 2008, the change of the name of the registrant to The Life is Good Company was recorded with the U.S.P.T.O.

9. In addition, Life is Good has eleven (11) other U.S. trademark registrations for the "LIFE IS GOOD" trademark for a variety of goods and services, and has registered the "LIFE IS GOOD" trademark in Canada, Europe and numerous other countries.

10. Further, the Plaintiff, through assignment from Jacobs Gallery, is the owner of the "Jake Symbol," which Life is Good utilizes as a trademark on or in connection with many of the products it sells.

11. The "Jake Symbol" was registered on April 22, 1997, U.S. Reg. Number 2,055,452, and was assigned to Plaintiff on April 16, 1998.  The U.S.P.T.O. accepted Life is Good's section 8 and 15 affidavit for the "Jake Symbol" registration, and thus, it has become incontestable pursuant to 15 U.S.C. § 1065.  The "Jake Symbol" trademark registration was renewed on May 11, 2007, and is currently in full force and effect.

12. Life is Good also owns the trademark rights in the female version of the "Jake Symbol" – known as "Jackie" – which Life is Good has used in connection with the sale of clothing since at least 2002.

13. The trademark "LIFE IS GOOD" appears on or in connection with every product sold by Life is Good, and the "Jake Symbol" and "Jackie" appear on many of Life is Good's products.

14. For many years Life is Good has marketed its products and offered its products for sale at its internet web site located at www.lifeisgood.com.

B. <u>The Defendants and Their Infringing Activities</u>.

15. SunFrog, LLC ("SunFrog") is in the business of printing and selling t-shirts with a wide variety of designs.  Upon information and belief, SunFrog has online tools that permit its customers to create and upload designs, and start a "campaign" on SunFrog's website.  The designs printed by SunFrog are submitted to SunFrog or created online using SunFrog's design tools at SunFrog's website.  According to SunFrog's website, SunFrog pays its customers for every shirt sold, and the submitted designs remain available online as long as people are interested in purchasing them.

16.  In January of 2017, Life is Good first learned that one or more of the Defendant Does was offering for sale on SunFrog's website t-shirts that infringe Life is Good's LIFE IS GOOD, "Jake Symbol" and "Jackie" trademarks.  Since that time, numerous additional campaigns offered infringing products on SunFrog's website.  Nearly all of the infringing campaigns emanated from the same source: a campaigner that calls itself HTGteam.  To date Life is Good has been unable to learn the true identity or identities of HTGteam, or any of the other campaigners who have sold infringing products.

17. Defendants' actions have caused and/or are likely to cause confusion, mistake, or deception among the consuming public as to the source or origin of the products they have offered for sale, and are likely to create a false belief that their products are authorized by or sponsored by Life is Good.

COUNT I
TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
<u>15 U.S.C. § 1114</u>

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 of the amended complaint.

19. Plaintiff's marks "LIFE IS GOOD" and the "Jake Symbol" are protected by valid, subsisting, and incontestable United States Trademark Registrations.  Additionally, Life is Good has developed common law rights in its "Jackie" trademark.

20. The commercial use of Life is Good's trademarks on t-shirts and other products by Defendants as described above is a willful infringement of Life is Good's registered trademarks, and such commercial use was with knowledge of and intended to trade off of Life is Good's prior rights to its registered trademarks.

21. Defendants' solicitation, design, offering for sale, and sale of infringing products creates a likelihood of confusion in the minds of consumers as to Life is Good's affiliation, connection or association with, or sponsorship or endorsement of the infringing products.

22. Plaintiff has not authorized any of the Defendants to make the above-described uses of Plaintiff's trademarks.

23. Upon information and belief, the Defendants acted knowingly and intentionally in misappropriating the Plaintiff's trademarks, and continued to do so despite actual knowledge of Plaintiff's rights and Defendant's infringement.

24. Life is Good is entitled to preliminary and permanent injunctions against Defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

## COUNT II
## UNFAIR COMPETITION AND PASSING OFF UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24 of the amended complaint.

5

26. Defendants' design, offering for sale, and sale of products bearing the Life is Good trademarks that compete directly with authentic Life is Good products has caused and will likely cause confusion, mistake or deception on the part of persons interested in purchasing authentic Life is Good products as to the origin of Defendants' infringing products, and/or the sponsorship or approval by Life is Good of Defendants' infringing products.

27. Upon information and belief, Defendants' unfair competition and passing off has been willful and deliberate, and continued despite actual knowledge of Plaintiff's rights and Defendants' infringement.

28. Life is Good is entitled to preliminary and permanent injunctions against Defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

COUNT III
COUNTERFEITING UNDER THE LANHAM ACT, 15 U.S.C. § 1114

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 of the amended complaint.

30. Defendants, without authorization from Life is Good, have designed, offered for sale and sold products, as described above, that display counterfeits or colorable imitations of federally registered Life is Good trademarks.

31. Defendants'' actions were intended to cause, and did cause confusion, mistake and deception among consumers and potential consumers as to whether Defendants' counterfeit products originate from or are affiliated with, sponsored by, licensed by or endorsed by Life is Good.

32. Defendants have acted with knowledge of Life is Good's trademark rights and with a deliberate, willful intention to trade upon the consumer goodwill created and enjoyed by Life is Good.

33. Defendants' actions constitute trademark counterfeiting in violation of 15 U.S.C. § 1114.

34. Life is Good is entitled to preliminary and permanent injunctions against Defendants, as well as all other remedies available under the Lanham Act, including, without limitation, compensatory damages, enhanced damages, disgorgement of profits and costs and attorney's fees.

COUNT IV
UNFAIR COMPETITION UNDER THE COMMON LAW

35. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 34 of the amended complaint.

36. Plaintiff's trademarks are well-known throughout the United States.

37. Defendants' misappropriation of Life is Good's trademarks constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

WHEREFORE, Plaintiff The Life is Good Company prays that this Court:

1.  Enter judgment in favor of Plaintiff on all counts of the amended complaint;

2.  Allow Plaintiff to amend this complaint to add the true identity of John Does 1-10 once their identities are learned through discovery;

2.  Award Plaintiff monetary damages plus statutory interest;

3. Award Plaintiff enhanced damages, attorneys' fees and costs;

4. Order Defendants to disgorge all profits realized from the sale of infringing products;

5. Order Defendants to pay to Plaintiff statutory damages of $1,000,000 per counterfeit mark per type of product sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117;

6. Order Defendants to surrender all infringing products for destruction;

7. Enter a preliminary injunction enjoining and restraining the Defendants, their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from using in commerce any counterfeit or colorable imitation of Plaintiff's "LIFE IS GOOD", "Jake Symbol" or "Jackie"  trademarks, or any mark confusingly similar to those trademarks;

8. Enter a permanent injunction enjoining and restraining the Defendants, their directors, officers, agents, servants, employees, attorneys, subsidiaries, parents, affiliated companies, successors, and assigns, and all persons in active concert or participation with said Defendants who receive actual notice of this Court's orders by personal service or otherwise, from using in commerce any counterfeit or colorable imitation of Plaintiff's "LIFE IS GOOD", "Jake Symbol" or "Jackie"  trademarks, or any mark confusingly similar to those trademarks; and

9. Award such further relief as the Court deems just and appropriate.

## Jury Demand

The Plaintiff demands a trial by jury on all issues so triable.

THE LIFE IS GOOD COMPANY,
By its attorneys,


____/s/ Thomas E. Kenney_____
Thomas E. Kenney (#561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
(617) 720-2444
tom@piercemandell.com

## CERTIFICATE OF FILING

I hereby certify that on this 27 day of June, 2017 this document was filed electronically though the ECF system.


/s/ Thomas E. Kenney_____
Thomas E. Kenney